J-A17001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH S. CALDWELL, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP JAURIGUE | : | No. 140 EDA 2022 |

Appeal from the Order Entered December 3, 2021
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): 2021DR00484,
PACSES: 207300887

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY PANELLA, P.J.: **FILED AUGUST 6, 2024**

This appeal returns to us on remand from the Supreme Court. *See Caldwell v. Jaurigue*, __ A.3d __, 2024 WL 2789167 (Pa. filed May 31, 2024). Joseph S. Caldwell, Jr. ("Father") appeals from the December 3, 2021 order (1) sustaining Philip P. Jaurigue's preliminary objections to Father's complaint seeking child support for ten-year-old L.C. ("Child"); and (2) dismissing Father's complaint. Pursuant to our Supreme Court's directive that we enter an order consistent with our Supreme Court's opinion, we affirm the trial court's order.

Father and Jacqui Spencer ("Mother") are the biological parents of Child. Jaurigue was the paramour of Child's mother since before Child's birth in March 2012. In December 2019, after the death of Child's mother, Jaurigue

_____

[*] Retired Senior Judge assigned to the Superior Court.

sought and obtained partial physical custody of Child, with the court finding Jaurigue stood *in loco parentis* to Child. In response, Father, who had legal and primary physical custody of Child, filed for child support payments from Jaurigue. The trial court denied child support and dismissed Father's complaint. Father appealed.

On October 5, 2022, this Court reversed the trial court, finding Jaurigue was obligated to pay child support for Child because he "proactively sought and assumed a level of legally-protected parental rights so as to invoke an obligation to support Child under our Supreme Court's decision in **A.S. v. I.S.**, 130 A.3d 763 (Pa. 2015)[.]" **Caldwell v. Jaurigue**, 287 A.3d 836, at *1 (Pa. Super. filed Oct. 5, 2022) (unpublished memorandum). On March 21, 2023, our Supreme Court granted Jaurigue's petition for allowance of appeal and, on May 31, 2024, it reversed this Court's decision and remanded for the entry of an order consistent with its opinion.

In said opinion, the Supreme Court distinguished **A.S.**[1] and held that, as a matter of first impression, Jaurigue is not a "parent" under the Child Support Statute and therefore is not financially responsible for Child. It explained:

_____

[1] In **A.S.**, ex-stepfather vehemently "litigated and obtained full legal and physical custody rights." **A.S.**, 130 A.3d at 770. Under those specific facts, the **A.S.** Court held "[e]quity prohibits [s]tepfather from disavowing his parental status to avoid a support obligation to the children he so vigorously sought to parent … and should share in parental obligations, such as paying child support." **Id.** at 771.

- 2 -

[**A.S.**] specifically reiterated "*in loco parentis* standing alone is insufficient to hold a stepparent liable for support[.]" …. [**A.S.**, 130 A.3d at 771]. We held only that a former stepparent achieves the status of "parent" for purposes of support under [23 Pa.C.S.A. §] 4321—without the ties of biology, adoption, or a legal doctrine like paternity by estoppel—when he "does substantially more than offer gratuitous love and care for his stepchildren, when he instigates litigation to achieve **all the rights of parenthood** at the cost of interfering with the rights of a fit parent[.]" **Id.** ….

\* \* \*

… [W]ithout the power to decide the monumental facets of a child's life such as their medical treatment, religion, or course of education, the non-parent's role is plainly subordinate to that of a parent.

Thus, although our case law has evolved in this area, our decision here may not be unmoored from the text of the statute. Under Section 4321(2), child support obligations fall on "parents" only. It is true these obligations may attach to individuals without a biological or adoptive parental tie in certain situations, but Jaurigue, who does not even have legal custody, does not fall into that category. Our law recognizes that the concept of a "parent" is somewhat elastic and sometimes extends beyond biological or adoptive ties. But applying the term, with its concomitant statutory support obligation, to Jaurigue under these circumstances would stretch the term too far.

**Caldwell**, 2024 WL 2789167, at \*14-15 (footnote omitted; emphasis in original).

Accordingly, consistent with our Supreme Court's cogent reasoning, we affirm the trial court's December 3, 2021 order sustaining Jaurigue's preliminary objections and dismissing Father's complaint for child support.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/6/2024</u>